UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:26-cv-00241-MWC-SK                                         Date: January 25, 2026

Title:  V.K. v. Kristi Noem *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order GRANTING Petitioner's *Ex Parte* Application for Temporary Restraining Order (Dkt. [3])**

Before the Court is Petitioner V. K.'s ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") mandating that Respondents Kristi Noem, Ernesto Santacruz, Jr., Fereti Semaia, Pamela Bondi, and Todd Lyons (collectively, "Respondents")[1] immediately release Petitioner from detention, and ordering Respondents to show cause as to why a preliminary injunction should not issue. *See* Dkt. # 3 ("*App.*"). The Court issued an order on January 21, 2026, enjoining Petitioner's removal from the District pending further orders from the Court and setting a briefing schedule on Petitioner's Application. *See* Dkt. # 5. On January 23, 2026, Respondents filed a response stating they "do not have an opposition argument to present." *See* Dkt. # 9 ("*Response*"). For the reasons set forth below, the Court **GRANTS** the Application.

---

[1] The Petition lists Kristi Noem as the Secretary of the United States Department of Homeland Security ("DHS"), Todd Lyons as the Acting Director of Immigration and Customs Enforcement ("ICE") within the DHS, Ernesto Santacruz, Jr. as the Acting Field Office Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division, Fereti Semaia as Warden of the Adelanto ICE Processing Center in Adelanto, California, where Petitioner is detained, and Pamela Bondi as the Attorney General of the United States. *See* Dkt. # 1 ("*Pet.*") ¶¶ 17–21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00241-MWC-SK                              Date: January 25, 2026

Title:    V.K. v. Kristi Noem *et al.*

I.   <u>Background</u> [2]

The Application details that Petitioner entered the United States as a refugee in 1986 from the former USSR, in what is now Armenia.  *See App.* 1, Dkt. # 3-2 ("*V-K- Decl.*") ¶ 1.  Petitioner has been diagnosed with schizophrenia.  *App.* 1.  On January 4, 2011, Petitioner was ordered removed to Armenia based on two convictions for California burglary and attendant alleged "crime involving moral turpitude" immigration consequences.  *Id.*  Petitioner argues that Supreme Court and Ninth Circuit case law has subsequently clarified that California burglary does not carry those immigration consequences.  *Id.* 1-2.

DHS detained Petitioner until May 6, 2011, when ICE released Petitioner on an Order of Supervision ("OSUP").  *Id.* 2.  Petitioner obtains monthly medication to treat his schizophrenia and requires comprehensive mental health and case management services.  *Id.* 2; *see* Dkt. # 3-1 ("*A-K- Decl.*") ¶¶ 6-7.  Petitioner attends yearly check-ins with ICE.  *Pet.* 2.  Petitioner has support from family members.  *Id.*  In November 2025, Petitioner was instructed to participate in ISAP (Intensive Supervision Appearance Program) and to request a travel document from Armenia.  *Id.*

On January 14, 2026, ICE arrested Petitioner at an appointment with his ISAP worker.  *Id.*  Upon arrest, Petitioner was not told why he was being arrested or provided any paperwork related to the arrest.  *Id.*  Petitioner's sister, who typically accompanies him to all ICE and ISAP appointments, was not permitted to attend the appointment.  *A-K- Decl.* ¶ 18.  She was told that "ICE was present that day and was required to detain a certain number of individuals."  *Id.*  ICE transferred Petitioner to the Adelanto Detention Facility, where he remains detained.  *Pet.* 2.

---

[2] Unless otherwise indicated, the following factual background is derived from the Petition and/or Application and supporting documents.  The Court is not making a final determination as to the veracity of the facts stated therein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00241-MWC-SK                                                        Date: January 25, 2026

Title:   V.K. v. Kristi Noem *et al.*

II.   <u>Legal Standard</u>

   A.   <u>*Ex Parte* Applications</u>

   "Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

   In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

   B.   <u>Temporary Restraining Orders</u>

   Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00241-MWC-SK                                                      Date: January 25, 2026

Title:        V.K. v. Kristi Noem *et al.*

1127, 1132 (9th Cir. 2011)).  Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

III.    Discussion

      A.    *Ex Parte* Application and *Mission Power* Factors

The Court finds that Petitioner has satisfied the *Mission Power* factors.  Petitioner has been in custody since January 14, 2026, despite having previously been granted release and having complied with all conditions of that release, and filed his petition on January 20, 2026.  Thus, Petitioner has not delayed in seeking relief.  And if the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access to any due process for at least an additional 28 days.  For these reasons, the Court finds *ex parte* relief warranted.

      B.    Request for Release from Detention

The Court has jurisdiction to consider Petitioner's claims under 28 U.S.C. § 2241. *See Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) ("The writ of habeas corpus historically provides a remedy to non-citizens challenging executive detention.").

Petitioner argues that he is likely to succeed on the merits of the claims in his Petition, including violation of the Fifth Amendment right to due process (Count One). *See Pet.*  A showing of a "likelihood of success on even just one claim is sufficient [for injunctive relief] as long as that claim would support the injunctive relief sought." *Citibank, N.A. v. Mitchell*, 2024 WL 4906076, at *3 (N.D. Cal. Nov. 26, 2024) (citing *Dowl v. Williams*, 2018 WL 2392498, at *1 (D. Alaska May 25, 2018) and *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 n.3 (9th Cir. 2014)).  Because the Court concludes Petitioner has established at least the presence of "serious questions going to the merits" on his claim that the revocation of his OSUP violates due process, a TRO may issue. *Alliance for the Wild Rockies*, 632 F.3d at 1135.  The Court discusses each of the *Winter* factors in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:26-cv-00241-MWC-SK | Date: January 25, 2026 |
| Title:  V.K. v. Kristi Noem *et al.* | |

      *i.*    *Likelihood of Success on the Merits*

Petitioner has demonstrated a likelihood of success on the merits of his claim that re-detention with no process violated his Fifth Amendment due process rights.

      *a.*    *Statutory and Regulatory Framework*

"Freedom from imprisonment . . . lies at the heart of the liberty" that the Fifth Amendment's Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "[T]he Due Process Clause applies to all 'persons' within the United States," including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693; *see also Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'The Fifth Amendment entitles [noncitizens] to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Thus, a noncitizen under an OSUP has a constitutional liberty interest in their continued release from immigration detention. *See Sun v. Santacruz*, No. EDCV-25-02198-JLS-JCx, 2025 WL 2730235, at *5–6 (C.D. Cal. Aug. 26, 2025) (finding the petitioner had a "substantial" liberty interest in "remaining out of immigration custody" pursuant to an OSUP and granting a TRO enjoining the respondents from re-detaining the petitioner without a pre-detention hearing before a neutral adjudicator); *Yang v. Kaiser*, No. 2:25-CV-02205-DAD-AC (HC), 2025 WL 2791778, at *7–10 (E.D. Cal. Aug. 20, 2025) (same).

8 U.S.C. § 1231(a) governs the detention, release, and removal of noncitizens with an order of removal. Under § 1231(a), a noncitizen who has been ordered removed must be detained during the 90-day removal period. 8 U.S.C. §§ 1231(a)(1)(A), 1231(a)(2)(A). However, if a noncitizen is not removed within this period, they must be released "subject to supervision under regulations prescribed by the Attorney General." *Id.* § 1231(a)(3). While certain noncitizens may be detained beyond the 90-day removal period, such noncitizens, if released, must also be subject to the same terms of supervision as under § 1231(a)(3). *Id.* § 1231(a)(6).

8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 set the terms of supervised release under 8 U.S.C. § 1231(a)(3) and 8 U.S.C. § 1231(a)(6), including the conditions and procedures under which ICE may revoke release. *See* 8 C.F.R. §§ 241.4(l), 241.13(i). First, ICE may revoke release when a noncitizen violates a condition of their OSUP. *Id.* §§ 241.4(l)(1), 241.13(i)(1). Second, ICE may revoke release when, "on account of changed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00241-MWC-SK   Date: January 25, 2026

Title:   V.K. v. Kristi Noem *et al.*

circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2).  Third, certain officials may exercise their discretion to revoke release.  *See id.* § 241.4(l)(2).

Upon revocation of release, ICE must provide the noncitizen a copy of the decision "set[ting] forth the reasons for the continued detention." *Id.* § 241.4(d).  Additionally, the noncitizen must be "notified of the reasons for revocation," *id.* § 241.4(l)(1), and afforded "an initial informal interview promptly . . . to respond to the reasons for revocation stated in the notification," *id.* § 241.13(i)(3).

      *b.*     *Analysis*

Petitioner has demonstrated a serious question going to the merits of his requests for release from detention.

      *1.*     *Procedural Requirements to Revoke OSUP Status*

"It is well-established that government agencies are required to follow their own regulations." *Delkash*, 2025 WL 2683988, at *5 (citing *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)).  To the extent Respondents failed to follow release revocation procedures, Petitioner's re-detention is unlawful.  *See id.* (collecting cases); *Nazarian*, 2025 WL 3236209, at *5; *Esmail*, 2025 WL 3030590, at *6–7.

Here, Respondents do not dispute that, "[b]efore re-detaining [Petitioner], Respondents did not provide him with any written notice explaining the basis for the revocation of his release. Nor did they provide him with a hearing before a neutral decisionmaker where ICE was required to justify the basis for re-detention or explain why [Petitioner] is a flight risk or danger to the community." *See Pet.* 3; *Response.*

Because Petitioner was not provided a copy of the decision "set[ting] forth the reasons for the continued detention"; was not "notified of the reasons for revocation,"; and was not afforded "an initial informal interview promptly . . . to respond to the reasons for revocation stated in the notification," revocation of Petitioner's release on OSUP was procedurally defective.  *See* 8 C.F.R. §§ 241.4(d), 241.4(l)(1), 241.13(i)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:26-cv-00241-MWC-SK | Date: January 25, 2026 |
| Title: V.K. v. Kristi Noem *et al.* | |

### 2.  *Likelihood of Removal*

Petitioner asserts there is no significant likelihood of his removal in the reasonably foreseeable future, which would require his release. *App.* 9; 8 C.F.R. § 241.13(i)(2) (stating that "[t]he Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.").

"Where, as here, petitioner was issued a final order of removal, detained, and subsequently released and then redetained, "it is [ICE's] burden to show a significant likelihood that the alien may be removed" pursuant to 8 C.F.R. § 241.13." *Martinez v. Bondi*, No. 1:25-cv-01633-EFB (HC), 2025 WL 3650477, *3 (E.D. Cal. Dec. 16, 2025). Respondents make no showing that Petitioner's removal is possible, much less imminent. *See Response.* Conversely, it is undisputed that Petitioner tried to seek an Armenian passport in December 2025 and was told that the Armenian embassy does not have his name because "the USSR shredded many documents in anger for those it perceived as loyal to the United States." *App.* 9; *A-K- Decl.*, ¶ 14. For these reasons, there remains a serious question as to whether Petitioner's removal is reasonably foreseeable.

The Court notes that Petitioner has been in ICE custody for less than six months, which the Government has argued in similar cases precludes petitioners from challenging the likelihood of their removal under *Zadvydas*. *See Opp.* 5–6. To be sure, *Zadvydas* provided that a six-month detention is where the "presumption" of constitutional reasonableness ends. *See Zadvydas*, 533 U.S. at 701. But "[p]resumptively reasonable does not equate to mandatory." *Gibson v. United States*, No. 2:03-CR-2083-WFN-1, 2017 WL 10775070, at *1 (E.D. Wash. May 23, 2017); *see Rita v. United States*, 551 U.S. 338, 366 (2007) ("As the Court acknowledges . . . *presumptively* reasonable does not mean *always* reasonable; the presumption . . . must be genuinely rebuttable." (Stevens, J., concurring) (emphasis in original) (citing *id.* at 345–48)). And other courts have found release immediately necessary even where petitioners have been detained less than six months. *See, e.g.*, *Esmail*, 2025 WL 3030590, at *3, *5–6 (finding petitioner likely to succeed on merits of wrongful detention claim where immigration detainee was in custody for ten days); *Delkash*, 2025 WL 2683988, at *2 (granting petitioner's release from detention where he was in immigration custody for only two months); *see also Nazarian*, 2025 WL 3236209, at *5 (noting that "because Petitioner challenges his re-detention after already being released on an OSUP, 'ICE's own regulations [ ] place the burden on ICE to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00241-MWC-SK                                                         Date: January 25, 2026

Title:       V.K. v. Kristi Noem *et al.*

show changed circumstances that make removal significantly likely in the reasonably foreseeable future.'" (quoting *Sun v. Noem*, No. 3:25-CV-02433-CAB-MMP, 2025 WL 2800037, at *2 (S.D. Cal. Sep. 30, 2025))).

Petitioner's release is also necessary to return him to the status quo, or "the last uncontested status which proceeded the pending controversy." *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2026) (cleaned up) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)); *Nazarian*, 2025 WL 3236209, at *7 ("While Respondents argue the proper relief is remedying the specific procedural defects rather than releasing Petitioner from custody, . . . the Court rejects this argument.  Here, Petitioner's release is necessary to return him to the status quo."); *Esmail*, 2025 WL 3030590, at *6 ("Providing Petitioner an interview ex post facto, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process.  The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

In sum, Petitioner has raised a serious question going to the merits with respect to three different procedural deficiencies: proper notice as to the reason for revocation of his release, an informal interview where he could contest his detention, and likelihood of his removal in the reasonably foreseeable future.  Thus, his detention upon revocation of OSUP status lacks the requisite due process.

For these reasons, Petitioner has shown a likelihood of success on the merits of his request for immediate release from detention.

        *ii.*     *Irreparable Harm*

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00241-MWC-SK                                              Date: January 25, 2026

Title:  V.K. v. Kristi Noem *et al.*

Here, Petitioner is separated from his family, has not been provided with a vegetarian diet, and risks being subjected to subpar psychiatric care. *V-K- Decl.* ¶¶ 10-11. Since denying Petitioner's Application would continue to deprive him of liberty without due process and subject him to the subpar conditions of ICE detention, this factor weighs in favor of granting Petitioner's release from detention.

### iii. Balance of Equities and Public Interest

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, Respondents have not articulated any interest in continuing to detain Petitioner in this case, nor is it clear than any such interest exists. Moreover, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondents' likely violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors the Court has examined herein, Petitioner is entitled to immediate release from detention and restoration of his OSUP status.

IV.  Bond Requirement

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00241-MWC-SK                              Date: January 25, 2026

Title:    V.K. v. Kristi Noem *et al.*

required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)). "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (cleaned up). "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'" *Vaskanyan*, 2025 WL 2014208, at *8 (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering that Respondents follow the governing law, bond is unnecessary. *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law. No bond is required." (footnote omitted)); *Hassanzadeh*, 2025 WL 3306272, at *6 (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

V.    Conclusion

For the foregoing reasons, the Court **GRANTS** the Application and **ORDERS** as follows:

1. Respondents **MUST RELEASE** Petitioner immediately under an Order of Supervision. The parties are **ORDERED** to return back to the last uncontested status which preceded the pending controversy and place Petitioner in the same condition of his Order of Supervision before his most recent detention. Respondents may not re-detain Petitioner without compliance with 8 U.S.C. § 1226 and 8 C.F.R. § 212.5.

2. Respondents are **ENJOINED** from relocating Petitioner outside of the Central District of California pending final resolution of this matter.

3. Respondents are **ORDERED** to show cause, in writing, no later than 7 days after this Order as to why a preliminary injunction should not issue. Petitioner may file a response no later than 7 days after Respondents' filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.  5:26-cv-00241-MWC-SK                                   Date: January 25, 2026

Title:  V.K. v. Kristi Noem *et al.*

**IT IS SO ORDERED.**

                                                   :

**Initials of Preparer**   TJ