UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00241-MWC-SK Date: July 28, 2026

Title: V.K. v. Kristi Noem, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER SUBSTANTIALLY GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES (DKT. [22])**

Before the Court is Petitioner V.K.'s ("Petitioner") Motion for Attorney's Fees, brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, ("motion"). Dkt. # 22 ("*Mot.*"). Respondents Kristi Noem, Ernesto Santacruz, Jr., Fereti Semaia, Pam Bondi, and Todd Lyons (collectively, "Respondents") do not oppose. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. After considering the papers, the Court **GRANTS IN SUBSTANTIAL PART** Petitioner's Motion for Attorney's Fees and **VACATES** the August 7, 2026 hearing.

I. Background & Procedural History

On January 20, 2026, Petitioner filed his petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging Immigration and Customs Enforcement's ("ICE") unlawful arrest and re-detention of Petitioner at his Intensive Supervision Appearance Program ("ISAP") appointment. *See* Dkt. # 1. On that same date, Petitioner applied for a Temporary Restraining Order ("TRO Application") challenging his re-detention for lack of notice and an opportunity to be heard under the Fifth Amendment. Dkt. # 3. On January 21, 2026, the Court enjoined Petitioner's removal from the District pending further orders from the Court. Dkt. # 5. On January 25, 2026, the Court granted Petitioner's TRO Application, ordered Respondents to immediately release Petitioner under an Order of Supervision, and issued an Order to Show Cause ("OSC") as to why a preliminary injunction should not

issue. *See* Dkt. # 10 at 10. On January 26, 2026, Respondents released Petitioner from ICE custody and placed him under an Order of Supervision. *See* Ex. A, Dkt. # 13-2 at 2–4; Dkt. # 11 at 2. The parties separately responded to the Court's OSC, *see* Dkts. # 11 & 13, and on February 18, 2026, the Court discharged the TRO and OSC and issued a preliminary injunction enjoining Respondents from re-detaining Petitioner while the Court considers the merits of Petitioner's underlying habeas petition ("PI Order"). Dkt. # 14.

On March 31, 2026, the parties filed a joint proposal that the Court grant the habeas petition and enter final judgment "without requiring any further proceedings, consistent with the reasons and findings" set forth in the Court's PI Order. Dkt. # 18 at 2. On April 1, 2026, U.S. Magistrate Judge Steve Kim granted Petitioner's habeas petition and entered Judgment in this case. *See* Dkts. # 19 & 20. On June 30, 2026, Petitioner filed the instant unopposed Motion for Attorney's Fees. Dkt. # 22.

## II. Legal Standard

### A. Motion for Attorney's Fees

"For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Benally v. U.S. Off. of Navajo and Hopi Indian Relocation*, 154 F.4th 630, 633 (9th Cir. 2025) (citation omitted); *Su v. Bowers*, 89 F.4th 1169, 1176 (9th Cir. 2024); *Meza-Vazquez v. Garland*, 993 F.3d 726, 728 (9th Cir. 2021) (same). "The government bears the burden of showing that it was substantially justified in both its litigation position and the underlying agency action giving rise to the civil action." *Meza-Vazquez*, 993 F.3d at 729 (internal quotation marks and citation omitted). "For the government's position to be substantially justified, it must have a reasonable basis both in law and fact." *Bowers*, 89 F.4th at 1176 (internal quotation marks and citation omitted). If the government's position was not substantially justified "in law or fact," then the prevailing party is entitled a reasonable award of attorneys' fees and costs. *Mohamed v. Barr*, 562 F. Supp. 3d 1128, 1132 (E.D. Cal. 2022) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Once the prevailing party has shown it is entitled to "reasonable attorney's fees under the EAJA . . . it remains for the district court to determine what fee is reasonable."

*Nerio Mejia v. O'Malley*, 120 F.4th 1360, 1364 (9th Cir. 2024) (internal quotation marks and citation omitted). "The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable" and thus "bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Hill v. Comm'r of Soc. Sec.*, 428 F. Supp. 3d 253, 259 (E.D. Cal. 2019) (internal quotation marks and citation omitted); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The EAJA permits fee awards "based upon prevailing market rates for the kind and quality of the services furnished[.]" 28 U.S.C. § 2412(d)(2)(A).

"By statute, hourly rates for attorney's fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living." *Hill*, 428 F. Supp. 3d at 263 (citations omitted). Pursuant to *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. *See Hill*, 428 F. Supp. 3d at 263; *see also* U.S. Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 24, 2026). Currently, EAJA fees are statutorily capped at an hourly rate of $258.46. *See Statutory Maximum Rates*, *supra*; *see also Gomez Gomez v. Casey*, No. 25-cv-3674-AGS-AHG, 2026 WL 1806726, at *1 (S.D. Cal. June 23, 2026).

## III. Discussion

Petitioner requests an EAJA attorney's fees award of $14,693.71 for counsel's time spent litigating this habeas case. *See Mot.* at 8-9. The Court assesses Petitioner's request pursuant to the three elements stated above. *Benally*, 154 F.4th at 633.

### A. Prevailing Party

Petitioner is the prevailing party with respect to his habeas petition. *See* Dkts. # 19 & 20 (granting habeas petition and entering judgment in favor of petitioner); *Alverdin v. Warden*, No. 5-26-cv-00333-SSS-BFM, 2026 WL 1710405, at *2 (C.D. Cal. May 26, 2026) ("Because Petitioner obtained a judgment finding that his immigration detention was

unlawful . . . he is a prevailing party entitled to an award of attorney's fees under the EAJA."); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2026 WL 2020467, at *2 (S.D. Cal. July 13, 2026) ("Because Petition obtained a judgment finding that his immigration detention was unlawful, and in the absence of any opposing arguments . . ., Petitioner is a prevailing party entitled to an award of attorney's fees under the EAJA."). Petitioner has therefore met the first element.

B. Substantial Justification of Government's Position

Respondents do not oppose Petitioner's motion. The government has therefore failed to satisfy its burden to show that it was substantially justified in both its litigation position and the underlying agency action giving rise to the civil action. *Meza-Vazquez*, 993 F.3d at 729. Accordingly, Petitioner is entitled to an award of attorney's fees under the EAJA. *See Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004) (it is within the court's "discretion to determine that the government's lack of timely opposition is tantamount to a concession that its position in the litigation was not substantially justified."); *see, e.g.*, *Xu v. Bondi*, No. 26-cv-1765-GPC-DEB, 2026 WL 1472773, at *1 (S.D. Cal. May 26, 2026) (concluding that the petitioner was entitled to an award of attorney's fees under the EAJA because the respondents did not file an opposition to the petitioner's motion); *Cong v. Noem*, No. 25-cv-3730-GPC-DEB, 2026 WL 1075236, at *1 (S.D. Cal. Apr. 20, 2026) (same); *Gomez*, 2026 WL 1806726, at *1 (same).

C. Reasonableness of the Fee Award

The EAJA permits fee awards "based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). Fees awarded under the EAJA are calculated pursuant to the "lodestar" method. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The lodestar method multiplies the reasonable number of hours expended on litigation by a reasonable hourly rate. *See Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

Petitioner requests the statutory maximum rates under the EAJA of $258.46 for work performed by attorneys Nancy Alexander ("Alexander") and Veronica Barba ("Barba"). *See Mot.* at 10; Decl. of Nancy Alexander, Dkt. # 22-2 ("*Alexander Decl.*") ¶ 6; Decl. of Veronica Barba, Dkt. # 22-4 ("*Barba Decl.*") ¶ 9. The Court finds the proposed rate is reasonable. *See, e.g.*, *Gomez*, 2026 WL 1806726, at *1 ("[T]he proposed billing rate

for the attorneys is the Ninth Circuit's 2025 EAJA cap, so the Court also finds the rate is reasonable.").

Additionally, the Court is substantially satisfied that Petitioner's counsel expended a reasonable number of hours litigating this case. Petitioner's counsel have submitted separate declarations and an itemized log detailing their hours spent litigating this case. *See* Ex. A, Dkt. # 22-3 ("*Billing Sheet.*"). Upon review of counsels' itemized hours, however, the Court takes issue with only one item: attorney Alexander billed 0.565 hours at an hourly rate of $258.46 to "Docket Deadlines," amounting to $146.03 in fees. *See id.* at 1. It is well-established that "calendaring deadlines are clerical tasks that should not be[] included in a fee award." *Kang v. Credit Bureau Connection, Inc.*, No. 1:18-cv-01359-SKO, 2023 WL 6811994, at *8 (E.D. Cal. Oct. 16, 2023) (collecting cases); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal or [lawyer's] rate, regardless of who performs them."); *Constantinovici*, 2026 WL 2020467, at *4. "As a result, courts eliminate clerical tasks from the lodestar calculations." *Kang*, 2023 WL 6811994, at *8 (collecting cases); *see also Weeks v. Kellogg Co.*, No CV 09-08102(MMM)(RZx), 2013 WL 6531177, at *32 (C.D. Cal. Nov. 23, 2013). The Court therefore reduces Petitioner's attorneys' fees by $146.03 for the time spent calendaring deadlines in this case.

Accordingly, the Court determines that the rate of $258.46 per hour is reasonable. And the hours performed by counsel are substantially reasonable, notwithstanding the time spent docketing deadlines. Thus, applying the lodestar method, and subtracting $146.03 in performing clerical work, the total fee award in this case amounts to $14,547.68.

IV. Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

1. Petitioner's Motion for Attorney's Fees (Dkt. # 22) is **GRANTED IN SUBSTANTIAL PART** in the amount of **$14,547.68**.

2. The August 7, 2026 hearing date is **VACATED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00241-MWC-SK Date: July 28, 2026

Title: V.K. v. Kristi Noem, *et al.*

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ